Curia, per

Earle, J.
It is only necessary to repeat what I have said in my report of this case; that I am satisfied the decision in the court below was erroneous. We are all of ppinion, that the letter, transmitting the securities to Mr. Gray, was $t valid assignment of them to him and the other credi *219 tors. There can be no doubt that such was the intention of the absent debtor, for the letter seems to be addressed to all of them, and was intended to give them a preference over others, as might be lawfully done; and in the only way in which it can well be done without suspicion of unfairness \ that is, by payment of money, or actual delivery of assets; After the receipt of the letter, the act was irrevocable on his part, and vested property in Gray for himself and, in trust, for the others. Indeed, after he had accepted the trust, and had acted upon it, by collecting the money, he assumed an agency for the others, which I think would raise an assumpsit, and enable them to maintain an action against him for money had and received. The case of Dargan vs. Richardson, decided this term, hás held such a letter to be a valid assignment, to take effect from its date, and without delivery of the property. On the circuit, I considered Gray entitled to hold, as a creditor in possession, without reference to the effect of the letter, as an assignment. If good as an assignment to him, as it clearly was, according to Dargan vs. Richardson, it was equally effectual to vest property in the other creditors, for whose benefit the securities were transmitted to him, as well as for his own.
The judgment of the circuit court, so far as regards the assets in the hands of Gray, over and above his own demand, is reversed ; and the order will be reformed so as to secure the claims of the other creditors.
Gantt, Richardson, Evans and Butler, JJ. concurred;